IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

MICHELLE L. CLARK,
FORMER WIFE,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

  Appellant,

v.                                          CASE NO. 1D14-0987

GARY L. CLARK, FORMER
HUSBAND,

  Appellee.

_____/

Opinion filed February 9, 2015.

An appeal from the Circuit Court for Santa Rosa County.
John L. Miller, Judge.

E. Jane Brehany, Pensacola, for Appellant.

No Appearance for Appellee.

PER CURIAM.

    Michelle L. Clark appeals a Final Judgment of Dissolution of Marriage,

challenging the trial court's valuation of several marital assets and her award of two

years' bridge-the-gap alimony.  We affirm on all issues raised, except as to the court's treatment of the former husband's Fidelity Investment Account #5219.

Regarding that asset, the court determined:

> At the time of the filing of the Petition for Dissolution of Marriage, the account had a balance of $103,291.00.  At the beginning of the marriage, the account had a balance of $107,239.00.  Therefore, the account had a greater balance at the beginning of the marriage than it did at the time of the filing of the Petition for Dissolution of Marriage.  Since there was no evidence that the account increased in value due to marital funds, the Court has no legal basis to designate a portion of this account as a marital asset.

The court did not err in using the petition filing date as the date for valuing the asset. Under section 61.075(7), Florida Statutes (2012), the date the petition for dissolution of marriage was filed is an appropriate date for classifying the parties' assets as marital, and "[t]he date for determining value of assets . . . classified as marital is the date or dates as the judge determines is just and equitable under the circumstances." But the account statements in the record reflect a value of $149,009.76 on March 1, 2013, $135,888.40 on March 31, 2013, and $103,290.62 on April 30, 2013. The petition for dissolution in this case was filed on March 8, 2013.  It thus appears the trial court misread the account statements.

Therefore, we reverse that portion of the final judgment equitably distributing the parties' marital assets and liabilities, and remand to the trial court to determine the correct value of the former husband's Fidelity Investment Account #5219, and

2

to revise the equitable distribution scheme accordingly. In all other respects, the final judgment is affirmed.

AFFIRMED, in part; REVERSED, in part; and REMANDED.


PADOVANO, MARSTILLER, and OSTERHAUS, JJ., CONCUR.